IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLEMAINE LOZANO, individually and d/b/a PAMPANGA'S CUISINE; and C.C. LOZANO, LLC, an unknown business entity d/b/a PAMPANGA'S CUISINE,<br><br>    Defendants.<br>_____ / | No. C 12-01247 WHA<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND STATUTORY DAMAGES** |

**INTRODUCTION**

In this action for damages resulting from the unlawful interception and intentional exhibition of a sporting program broadcast, plaintiff moves for default judgment. For the following reasons, the motion is **GRANTED IN PART**.

**STATEMENT**

Plaintiff J&J Sports Productions, Inc. is a California corporation which owned the exclusive nationwide commercial distribution rights to *"The Event": The Manny Pacquiao v. Joshua Clottey, WBO Welterweight Championship Fight Program* (Compl. ¶ 3). The program included the main fight between Manny Pacquiao and Joshua Clottey as well as preliminary "undercard" bouts (Joffe Decl. ¶ 4). On March 13, 2010, investigator Michael Joffe observed the unlawful exhibition of the program at Pampangas Cuisine, which is owned and managed by defendants (*id.* at 2–3; Compl. ¶¶ 7–9).

In his declaration, Investigator Joffe reported seeing one television set, and described its size and location. He did not note whether there was a cable box or satellite dish. He described Pampangas Cuisine's as having a capacity of approximately 35 people. No cover charge was required to enter. During the eight minutes he was there, Joffe conducted three headcounts. He first counted 24 people, and then counted 25 people twice.

Plaintiff commenced this action in March 2012. In July, plaintiff filed a request for entry of default with the Clerk, and default was entered by the Clerk (Dkt. Nos. 17–18).

Plaintiff now seeks entry of default judgment granting the following relief: (1) $10,000 in statutory damages for violation of 47 U.S.C. 605; (2) enhanced statutory damages and attorney's fees for violation of 47 U.S.C. 605; and (3) $1800 in damages for conversion under Cal. Civ. Code § 3336. Defendants did not appear at the hearing held on September 29.

**ANALYSIS**

FRCP 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In considering whether default judgment is appropriate, the following factors are considered:

> (1) [T]he possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### 1. MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.

After entry of default, all well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and the sufficiency of the complaint are thus considered together.

In his declaration, Inspector Joffe reported observing "The pay per view broadcast of Pacquiao v. Clottery" as well as a "the preliminary bout between Humberto Soto and David Diaz" on the single twenty-five-inch television in Pampangas Cuisine's restaurant (Joffe

2

Decl. 1). The facts in the complaint are adequately well-pled to support an entry of default judgment, but not to support the full amount of damages plaintiff requests.

### A. Statutory Damages.

The Federal Communications Act, 47 U.S.C. 605, prohibits "receiving . . . any interstate or foreign communication by wire or radio . . . except through authorized channels of transmission or reception." Under Section 605(e)(3)(C)(i)(II), damages for each violation are set at a minimum of $1,000 and a maximum of $10,000.

The Cable and Television Consumer Protection Act, 47 U.S.C. 553, prohibits "intercept[ing] or receiv[ing] or assisting in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator." Under Section 553(c)(3)(A)(ii), damages for each violation are awarded a minimum of $250 and a maximum of $10,000.

Section 605 applies to satellite television, while Section 553 applies to cable television. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 n. 2 (9th Cir. 1999). While plaintiff's complaint alleges a violation of Section 553 and Section 605 (Compl. ¶¶ 15–29), its application for default judgment only alleges a violation of Section 605, and calculates damages based on Section 605 (Br. 10–11).

Plaintiff alleges that it "cannot determine the precise means that the Defendant used to receive the *Program* unlawfully" but that it "should not be prejudiced because it cannot isolate the precise means of signal transmission." The only reason plaintiff gives for why damages should be calculated under Section 605 is that "it is inherently reasonable in this instance where the Defendant has placed itself in default for failing to answer or otherwise respond" (*id.* at 10). This boilerplate language is identical to reasoning given by plaintiff in a previous default judgment action before the undersigned judge. *See, e.g.*, *J&J Sports Prods., Inc. v. Ro*, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010) (Alsup, J.). In relying on it, plaintiff fails to account for the fact that Investigator Joffe, in his affidavit, did not note a cable box or satellite dish (Joffe Decl.). Plaintiff fails to offer *any* reason why statutory damages

should be calculated under Section 605 — the statute with the higher minimum award — instead of Section 553. Defendants' alleged violation therefore will be analyzed under Section 553.

In support of its request for $10,000 in statutory damages, plaintiff's memorandum refers to several decisions in other districts that granted larger awards, arguing that "even where the violations do not appear particularly egregious, maximum statutory damages may be awarded." In most of the decisions plaintiff cites, however, the damages awarded were substantially reduced from the amount requested due to the "small impact" of the defendants' actions. Plaintiff offers no other reason why it should be granted maximum statutory damages. Accordingly, this order awards $250 in statutory damages under Section 553. *See J&J Sports Productions, Inc. v. Magat, et al.*, Civ 11-1149 (N.D. Cal. October 12, 2011) (awarding same amount on similar facts).

### B. Enhanced Damages.

Plaintiff also requests enhanced damages of up to $100,000 pursuant to Section 605(e)(3)(C)(ii). The relevant provision of Section 553 allows for a maximum enhanced damage award of $50,000. The court of appeals has not set forth a specific set of factors to determine the appropriate amounts of such enhancements. As a result, district courts consider different factors to determine culpability and achieve proper compensation and deterrence. These factors include "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on the claimant. Repeated violations may also justify enhanced damages." *J&J Sports Prods., Inc. v. Concepcion*, No. C 10-05092 WHA, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011).

There was no cover charge to enter Pampangas Cuisine's, and approximately twenty-five patrons watched the program on a single twenty-five-inch television. Plaintiff does not allege that defendants increased the price of food during the programming, nor that they used any advertisement. Plaintiff also does not allege that defendants are repeat offenders.

Plaintiff offers a panoply of examples from other districts of how large awards of enhanced damages have been calculated. Plaintiff has failed, however, to allege facts that

4

1 would inform a balancing of the factors that are frequently considered within this district.
2 Accordingly, plaintiff's request for enhanced statutory damages is **DENIED**. *See J&J Sports*
3 *Productions, Inc. v. Magat, et al.*, Civ 11-1149 (N.D. Cal. October 12, 2011) (denying enhanced
4 damages on similar facts).

### C. Conversion.

A claim for conversion in California has three elements: "ownership or right to possession of property, wrongful disposition of the property right and damages." *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). Plaintiff purchased the licensing rights to the program at issue. Defendants broadcast the program without paying the required licensing fee, and plaintiff suffered damages by being denied this fee. Plaintiff argues that a commercial establishment with a maximum occupancy of 35 would have been required to pay for a proper sublicensing agreement was $1,800. There is, however, no affidavit in the record to support that amount. *See J&J Sports Productions, Inc. v. Magat, et al.*, Civ 11-1149 (N.D. Cal. October 12, 2011) (requiring such an affidavit). Therefore, the request for conversion damages is **DENIED** for lack of proof.

### 2. REMAINDER OF THE *EITEL* FACTORS.

The remainder of the *Eitel* factors favor entering a default judgment in favor of plaintiff. If this motion is not granted, plaintiff will be left without a remedy or means to prevent defendants' continued delinquency. Defendants made no answer to the complaint, so there is no dispute over material facts. There is no evidence that defendants' failure to respond was the result of excusable neglect.

A large sum of money at stake would disfavor default judgment. *See Eitel*, 782 F.2d at 1472 (stating that a three million dollar judgment at stake, considered in the light of the parties' dispute as to material facts, supported the court's decision not to enter default judgment). The declaration of Attorney Riley requests damages totaling $111,800. As discussed above, this order declines to award the requested amount. The award for statutory damages will be $250. This amount does not disfavor granting default judgment.

5

Finally, although federal policy does favor a decision on the merits, Rule 55(b) allows entry of default judgment in situations such as this, where the defendant has refused to litigate. On balance, the *Eitel* factors weigh in favor of granting default judgment.

## CONCLUSION

For the reasons stated above, plaintiff's motions for default judgment and for statutory damages are **GRANTED IN PART**. Plaintiff's request for enhanced statutory damages is **DENIED**. Plaintiff may recover $250 in statutory damages. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: August 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6